David Abrams, Attorney at Law (DA-8126)
299 Broadway Suite 1700
New York, New York 10007
Tel. 212-897-5821 Fax 212-897-5811

United States District Court
Eastern District of New York

|  |  |  |
|---|---|---|
| Patrick McDowell, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| - against - | ) | No. 10 cv 3534 (ADS) (ARL) |
| | ) | |
| North Shore - Long Island Jewish | ) | |
| Health System, Inc. a/k/a North Shore - | ) | |
| Long Island Jewish Health System | ) | |
| | ) | |
| Defendant. | ) | |

## Amended Complaint & Demand for Jury Trial

Plaintiff, complaining of the Defendant by his attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

**I.     Introduction**

1.     This is an action for discrimination in violation of federal and state civil rights laws.

**II.     Parties**

2.     Plaintiff McDowell ("Mr. McDowell") is a natural person residing in the State of New York, County of Queens.

3.     Upon information and belief, Defendant North Shore - Long Island Jewish Health System, Inc. a/k/a North Shore - Long Island Jewish Health System (the "Employer") is a New York not-for-profit corporation with a principal place of business in the State of New York, County of Nassau.

### III. Venue and Jurisdiction

4. Venue in the Eastern District of New York is appropriate pursuant to 28 U.S.C.1381(b)(1) in that the Defendant resides in the Eastern District of New York.

5. Subject matter jurisdiction over this action exists pursuant to 28 U.S.C. Sections 1331 and 1367 in that claims are made that arise under the laws of the United States, specifically the Civil Rights Act of 1866 and the remaining claims form part of the same case or controversy.

6. Personal jurisdiction exists in that the Employer maintains a continuous and systematic presence in the State of New York.

### IV. Background

7. At all times relevant to this complaint, upon information and belief, the Employer was in the business of operating a hospital.

8. Plaintiff, who is black, was employed by the Employer as a biomedical technician until his separation from employment in or about the first week of December, 2008. Mr. McDowell was discharged in that the Employer stopped giving him work assignments.

9. In or about August of 2008, Plaintiff had complained to the Employer, specifically Deborah Solivan that a white co-worker DG had used a racial slur towards him. More specifically, DG had repeatedly used the word "nigger" in conversation with Plaintiff. Plaintiff also complained that DG had threatened him.

10. Throughout this time period, Plaintiff's job performance as a biomedical technician was satisfactory and he did not engage in any misconduct. Although DG accused Mr. McDowell of threatening him, this accusation was false and the Employer had no legitimate reason to side with DG over Mr. McDowell. In any event, the Employer did not offer this incident as the reason for Mr. McDowell's discharge.

10a.    In or about the first week of December, 2008, the Employer stopped giving assignments to Plaintiff, advising him that there was not sufficient work for him to do and that his school schedule interfered with his work.  However, upon information and belief, the Employer hired additional biomedical technicians after Mr. McDowell's discharge and in addition, Mr. McDowell had attended school essentially from the beginning of his employment in September of 2007 with the knowledge of the Employer and without any problems.

10b.    Upon information and belief, the Employer continued to give work to similarly situated biomedical technicians who were non-Black and/or who, upon information and belief, had not complained about racial harassment even though Plaintiff's job performance was at least as good as that of the other biomedical technicians.

10c.    Thus, the reasonable inference from the timing, circumstances, and justification offered by the Employer is that Plaintiff was discharged because of his race or in retaliation for his complaint or both and that the Employer's discrimination and/or retaliation were intentional.

**V.    Causes of Action and Demand for Relief**

<u>Count One: Violation of Federal Civil Rights Laws</u>

11.    The allegations contained in paragraphs 1 through 10c are incorporated as if restated herein.

12.    The Employer is covered under the Civil Rights Act of 1866.

13.    The Employer's discharge of Plaintiff violated the Civil Rights Act of 1866.

<u>Count Two: Violation of the New York State Human Rights Law</u>

14.    The allegations contained in paragraphs 1 through 13 are incorporated as if restated herein.

15.    The Employer is covered under the New York State Human Rights Law.

16. The Employer's discharge of Plaintiff constituted unlawful discrimination and/or retaliation in violation of the New York State Human Rights Law.

WHEREFORE Plaintiff demands judgment against the Employer in the amount of back, front and/or other lost pay and benefits, compensatory damages, liquidated and/or punitive damages, together with costs, fees, and such other and further relief as the Court deems just, including any other relief available under the above-referenced statutes.

                Respectfully submitted,

                /s/ David Abrams

                _____

                David Abrams (DA-8126)
                Attorney for Plaintiff
                299 Broadway Suite 1700
                New York, NY 10007
                Tel. 212-897-5821
                Fax    212-897-5811

Dated: September 29, 2010
New York, New York

## VI.    Demand for Jury Trial

Plaintiff respectfully demands a trial by jury on all issues so triable.

                Respectfully submitted,

                /s/ David Abrams

                _____

                David Abrams (DA-8126)
                Attorney for Plaintiff
                299 Broadway Suite 1700
                New York, NY 10007
                Tel. 212-897-5821
                Fax    212-897-5811

Dated: September 29, 2010
New York, New York